UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS SANCHEZ,

       Plaintiff,

v.                                  Case No.  8:19-cv-3030-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

       Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed.

    **I.**    **Procedural Background**

Plaintiff filed an application for period of disability and DIB (Tr. 196-97).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 84-96, 98-113).  Plaintiff then requested an administrative hearing (Tr. 151).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35-82).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 11-23).  Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 2-4).  Plaintiff then

timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff was born on July 25, 1962 and was 54 years old on his alleged onset date (Tr. 83). He has been married twice and divorced twice, and he has four grown children. At the time of the administrative hearing, Plaintiff lived with a girlfriend (Tr. 908). Plaintiff claimed disability beginning November 9, 2016, due to depression and severe back problems (Tr. 84). He graduated high school and served in the United States Army from 1980-2000 as a Communication Engineer and paratrooper (Tr. 239, 949, 1113). After sustaining an injury during an airborne military parachute operation, Plaintiff was taken off jump status due to back and ankle pain and honorably discharged (Tr. 356, 1113). Thereafter, Plaintiff worked from 2000-2002 as a Customer Account Manager for an internet service provider, from 2002-2007 as an IT Specialist for the Department of Defense, from 2007-2010 as a Network Operations Center Engineer at an internet network operations center, and from 2010 through his alleged date of disability onset as a Network Engineer III for Brighthouse Network (Tr. 239, 1113).

As a Network Engineer, Plaintiff's responsibilities included trouble shooting and restoring major areas of communication outages and frequent lifting of cisco routers, supporting communication cards, and modules that weighed between 25 and 100 pounds (Tr. 239-40). Plaintiff reports that this job required him to lead highly technical troubleshooting calls with senior engineers and management, and that his pain and medication side effects made it impossible for him to focus and communicate intelligently

(Tr. 287). Determined to continue working, he returned to work following spinal fusion surgery. However, his pain persisted despite two back surgeries, and ultimately, he quit his job (Tr. 287). In addition to back pain, Plaintiff suffers from Post Traumatic Stress Disorder ("PTSD"), stemming from an incident that occurred in 1999 at MacDill Airforce Base when Plaintiff performed mouth-to-mouth resuscitation on a fellow service member (Tr. 298). Plaintiff was unable to save the man's life. The longitudinal medical records reflect that this incident traumatized Plaintiff and caused long-lasting anxiety for him (Tr. 992).

In rendering his January 24, 2019 administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022 (his date last insured, or "DLI," for DIB purposes) and had not engaged in substantial gainful activity since November 9, 2016, his alleged onset date (Tr. 11, 85). After conducting a hearing on December 6, 2018, and reviewing the evidence of record, the ALJ determined Plaintiff had the severe impairments of mood disorder, depression, anxiety disorder, PTSD, lumbar stenosis status post fusion, status post bilateral carpal tunnel syndrome repairs, and an old right shoulder injury (Tr. 13). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15). The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 404.1567(a) with the following limitations:

> The claimant can occasionally lift 10 pounds and less than 10 pounds frequently. The claimant can stand and walk for two hours and sit for six hours in an 8-hour

workday with normal breaks. The claimant can occasionally push, pull, and operate foot controls. The claimant must avoid climbing ropes, and scaffolds and climbing more than five steps on a ladder. The claimant can occasionally climb lesser ladders, ramps and stairs. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant can frequently balance and reach, but only occasionally overhead reaching. The claimant can frequently handle. The claimant should avoid even concentrated exposure to extreme cold, loud noise and excessive vibration and he must avoid use of industrial hazard machinery.

(Tr. 16).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15-16). Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work, but could perform jobs including Computer Processing Scheduler, Computer Security Specialist, and Data Entry Clerk (Tr. 21-22). The ALJ found Plaintiff not disabled (Tr. 22).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

4

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305

U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff raises four issues: 1) the ALJ failed to provide good cause for assigning little weight to orthopedist Dr. Delikat's opinion; 2) the ALJ failed to address psychiatrist Sweeney's VA Compensation and Pension examination; 3) the ALJ failed to weigh the VA disability decision; and 4) the ALJ failed to properly assess his transferable skills. Because this Court finds that the ALJ failed to consider Dr. Sweeney's evaluation and

neglected to address the VA's decision that Plaintiff is 80% disabled as required by the regulations and case law in effect when he filed his claim, remand is needed.[1]

As the ALJ in this case noted during the administrative hearing, the VA's guidelines pertaining to disability determinations vary from the SSA's sequential analysis, and the VA's assessment is not binding on the Commissioner. *See* 20 C.F.R. § 404.1504.[2] Importantly, however, in November 2016 when Plaintiff filed his claim, Social Security regulations, Social Security Ruling (SSR) 06-3p, and Eleventh Circuit precedent instructed the ALJ to assign "great weight" to the VA's disability rating. *See* 20 C.F.R. § 404.1504; SSR 06-3p ("the adjudicator should explain the consideration given to [a disability decision by other governmental agencies] in the note of decision for hearing cases"); *Falcon v. Heckler,* 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth v. Heckler*, 703 F.2d

---

[1] Although Plaintiff's combined service-connected disability rating was 80%, the VA considered him 100% unemployable and paid him at that rate (Tr. 1126, 1141).

[2] The SSA has amended this regulation and rescinded SSR 06-03p for claims filed *after* March 27, 2017 (Plaintiff filed her claim on August 22, 2016). The new regulation provides that the SSA will not provide any analysis of a decision made by any other governmental agency or a non-governmental entity about whether a claimant is disabled, blind, employable, or entitled to any benefits. *See* 20 C.F.R. § 404.1504; Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263 (Mar. 27, 2017). In rescinding SSR 06-03p, the SSA noted that for claims filed on or after March 27, 2017, adjudicators will not explain how they weighed disability decisions from other governmental agencies and non-governmental entities, because this evidence is neither valuable nor persuasive. 82 Fed. Reg. 15263. The undersigned analyzes Plaintiff's claims pursuant to the earlier regulation. In any event, the Court is bound by Eleventh Circuit precedent even in the face of new regulations. *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661-62 (11th Cir. 2007) (Eleventh Circuit precedent that a VE's testimony trumps an inconsistent DOT provision prevails over a later-published social security ruling to the contrary); footnote 2, *infra*.

1233, 1241 (11th Cir. 1983)) (holding that "[t]he findings of disability by another agency, although not binding on the [Commissioner] are entitled to great weight"); *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight") (citation omitted). "Great weight" does not mean controlling, but "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016).

In this case, the ALJ condensed hundreds of pages detailing Plaintiff's mental health treatment at the VA (all of Plaintiff's mental health treatment occurred at the VA) into the following single paragraph:

> As for his mental impairments, the treatment record in August 2017, shows that the mental status examination notes that the claimant's mood is depressed his affect dysthymic and congruent. However, his thought is linear and goal directed and logical. In addition, his insight and judgment is intact. The claimant's estimated global assessment functioning score was 55 (22F at 11). In October 2017, the record notes that the claimant's insight and judgment was good and his thought process was normal and coherent (24F). The record notes that the claimant received mental health treatment throughout 2017 and 2018 from the VA with no significant worsening of his symptoms (27F, 34F, 35F). By April 2018, the record notes that the claimant [ ] has occupational and social impairments with deficiencies in most areas, such as work, family, relations, judgment, thinking, and or mood (34F).

(Tr. 20). Although the ALJ acknowledged Plaintiff's VA disability rating at the administrative hearing (Tr. 37), he did not discuss it in his decision. Contrary to the Commissioner's argument, the Eleventh Circuit has held that reference to VA records does not substitute for consideration of the VA's disability decision. *See Williams v. Barnhart*, 180 F. App'x 902 (11th Cir. 2006). "The Eleventh Circuit's requirement of 'great

8

weight,' 'close scrutiny,' and 'serious consideration' is not met by a gratuitous passing reference." *Bruton v. Comm'r of Soc. Sec.*, No. 6:16-cv-1209-Orl-37DCI, 2017 WL 4174314, at *2 (M.D. Fla. Sept. 21, 2017). Instead, the ALJ must specifically address the merits of the VA's disability rating. *See Williams*, 180 F. App'x 902 ("While we recognize that the ALJ's prior decision addressed at some length [the claimant's] VA medical evidence, nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.").

In certain clear cases courts have found that an ALJ's decision implicitly complies with the requirement to place great weight on the VA's decision if it is obvious the ALJ closely scrutinized it. For example, in *Boyette v. Commissioner of Social Security*, 605 F. App'x 777, 778-79 (11th Cir. 2015), the Eleventh Circuit upheld an ALJ's decision even though it did not assign express weight to the VA's disability rating, because the ALJ "considered and assigned weight to the VA examiners' opinions, VA primary care provider opinions, and VA treatment records." Similarly, in *Adams v. Commissioner of Social Security*, 542 F. App'x 854, 856-57 (11th Cir. 2013), the Eleventh Circuit found that an ALJ who did not expressly assign "great weight" to the VA's rating nonetheless "seriously considered it in making his own determination that Adams was not disabled." *See also Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (providing that an ALJ's finding regarding a VA's disability rating may be implicit). Here, however, the ALJ's brief discussion of Plaintiff's mental health treatment at the VA and his inclusion of one sentence from Plaintiff's 2018 VA Compensation and Pension Examination by Dr. Daniel Sweeney, Psy.D. do not qualify as "close scrutiny" of the VA's disability decision. The

ALJ's discussion fails to mention the VA's disability rating, or Plaintiff's PTSD/anxiety diagnoses upon which the disability rating was based (despite the fact that the ALJ concluded both were severe impairments at step two).[3] Instead, the ALJ's decision focused on Plaintiff's "normal" mental status examinations and his GAF score of 55 (Tr. 20). Thus, the decision does not provide the "close scrutiny" and "serious consideration" required in this circuit. *Brown-Gaudet-Evans*, 673 F. App'x at 904; *McCain v. Comm'r of Soc. Sec.,* case no. 8:19-cv-2762-SPF, 2021 WL 689278, *4 (Feb. 23, 2021) (citing *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984)) ("Considering this treatment history, the ALJ's explanation that he assigned little weight to the VA's disability rating because the VA uses different disability standards than the SSA is not the "close scrutiny" and "serious consideration" the Eleventh Circuit requires."); *Beshia v. Comm'r of Soc. Sec.*, 328 F.Supp.3d 1341, 1347 (M.D. Fla. 2018) (finding ALJ who "took note of" VA disability

---

[3] The VA records begin in August 2017, when Plaintiff sought treatment for depression and anxiety from psychiatrist Mark Weisman, M.D. at the Lakeland VA Clinic (Tr. 909-915). Plaintiff recounted that during his Army service he led a team tasked with supporting special operations and often witnessed carnage and the aftereffects of combat. Plaintiff described the single incident that has caused his PTSD: his attempt to resuscitate a soldier who was "already dead." Plaintiff explained that this incident has caused anxiety (particularly in the dark), difficulty sleeping (due to nightmares) (Tr. 906), chronic depression, and episodes of intense anxiety (characterized by shortness of breath, palpitations, nausea, lightheadedness, and a sense of impending doom) (Tr. 906). Plaintiff also reported feelings of worthlessness, guilt, poor concentration, and thoughts of life not worth living but no actual plan or intent for suicide (Tr. 906). Plaintiff indicated he had taken amitriptyline and bupropion for six months but felt these medications had not helped (Tr. 906). Dr. Weisman diagnosed PTSD, anxiety disorder, and depressive disorder, and prescribed sertraline as well as psychoeducation and supportive therapy (Tr. 910, 988). Records from the VA in 2017 and 2018 show Plaintiff's continued treatment with Dr. Weisman as well as psychologists Gregory Wolf (Team Leader of the Trauma Recovery Programs) and Luzimar Vega for the same conditions. (Tr. 958, 960, 984, 986, 992, 1160, 1231, 1362).

10

rating erred as such cursory treatment failed to "seriously consider" or "closely scrutinize" VA rating as required). As these cases demonstrate, before 20 C.F.R. § 404.1504 (and its counterpart for SSI purposes, 20 C.F.R. § 416.904) was amended, the clear trend in case law from this district was to reverse and remand when the ALJ has not adequately considered the VA's disability rating. *Id.*

Although neither party has addressed it, the Court notes that remand is particularly needed here because the administrative record does not contain the actual VA rating decision entitling Plaintiff to disability benefits. Instead, the record contains voluminous VA treatment records, Sweeney's VA compensation and pension examination, and two letters summarizing Plaintiff's VA benefits.[4] Courts in similar situations have held that the ALJ's duty to fully develop the record includes a duty to obtain and consider the VA's disability rating and supporting documentation prior to determining the weight of the VA's disability rating. *See Brown v. Comm'r of Soc. Sec.*, case no. 2:16-cv-564-FtM-CM, 2017 WL 4277538 (M.D. Fla. Sept. 27, 2017) (citing *Henry v. Comm'r of Soc. Sec.,* 802 F.3d 1264, 1267 (11th Cir. 2015)) (remanding where ALJ was made aware of VA's disability rating at hearing and VA records referenced disability rating but ALJ failed to either direct plaintiff to obtain or obtain on her own before reaching decision); *Chait v. Comm'r of Soc. Sec.*, case no. 2:17-cv-222-FtM-CM, 2018 WL 2715459, *3-4 (M.D. Fla. June 6, 2018) (remanding where ALJ failed to develop record or adequately review VA's rating decision

---

[4] These letters reflect that Plaintiff was awarded 80% service-connected disability benefits, and that he was considered totally and permanently disabled and unemployable beginning November 27, 2017 (Tr. 1126, 1141). The Commissioner calls the letters "essentially useless" since they do not provide the basis for the decision or indicate what jobs Plaintiff could or could not do (Doc. 14, p.27).

11

because pages were missing from it); *Mallory v. Comm'r of Soc. Sec.*, case no. 6:14-cv-1669-Orl-GJK, 2015 WL 8321898, *4 (M.D. Fla. Dec. 9, 2015) (remanding where record before ALJ contained VA's 100% disability rating but not the actual disability determination); *Cronin v. Comm'r of Soc. Sec.*, case no. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, *6 (M.D. Fla. Sept. 11, 2012) ("Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings.").

On remand, while not required to give the VA's disability determination controlling weight, the ALJ must seriously consider and closely scrutinize the VA's disability determination and give specific reasons if the ALJ discounts that determination. *See Brown-Gaudet-Evans*, 673 F. App'x. at 904. Relatedly, on remand, the Court directs the ALJ to address Sweeney's VA Compensation and Pension Examination (Tr. 1033- 1070).[5] In light of this remand, it is not necessary to address Plaintiff's remaining contentions of error.

Accordingly, after consideration, it is hereby

ORDERED:

1. The Commissioner's decision is reversed.

---

[5] Based on his evaluation, Sweeney diagnosed PTSD, major depressive disorder, and panic disorder, and indicated all diagnoses conform to the DSM-5 criteria (Tr. 1033-1070). Sweeney noted that Plaintiff's chronic pain likely contributes to his ongoing depressive symptoms, and that Plaintiff has occupational and social impairments with deficiencies in most areas such as work, school, family relations, judgment, thinking and/or mood. *Id.*

2. The Clerk is directed to enter final judgment in Plaintiff's favor and close the case.

**ORDERED** in Tampa, Florida, on March 25, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE